UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Eastern Fisheries, Inc. | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. |
| Farmers Land Handels GmbH | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY RELIEF AND FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

### INTRODUCTION

1.      Plaintiff, Eastern Fisheries, Inc., ("Eastern") seeks declaratory and injunctive relief against Defendant, Farmers Land Handels GmbH ("Farmers"), declaring that Eastern has no liability, or in the alternative limited liability to Farmers as the result of a transaction or series of transactions (the sale of seafood) entered into by Eastern and Farmers. Eastern further seeks temporary and permanent injunctive relief barring Farmers from asserting or continuing to assert claims and demands against Eastern regarding the above referenced transaction(s).

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to and 28 U.S.C. §§ 2201-02 (power to issue declaratory judgments in cases of actual controversy); 28 U.S.C. §1331 (action arising from the treaties of the United States); and 28 U.S.C. § 1332(a) (diversity of citizenship).

3. This Court has jurisdiction over Farmers by virtue of Farmers' contacts within the Commonwealth of Massachusetts, including its contracting for the purchase of seafood from a Massachusetts company.

## VENUE

4. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) (a substantial part of the events giving rise to the claim occurred in this district) and pursuant to Section 57 of the 1980 United Nations Convention on Contracts for the International Sale of Goods (hereinafter "CISG") (seller's place of business).

## PARTIES

5. Plaintiff Eastern Fisheries, Inc., ("Eastern") is a for-profit corporation duly incorporated under the laws of the Commonwealth of Massachusetts, with a its principle place of business located at 14 Hervey Tichon Avenue, New Bedford, Massachusetts, conducting business in the processing and sale of seafood.

6. Defendant Farmers Land Handels GmbH, ("Farmers") is, on information and belief, a company doing business primarily in the Federal Republic of Germany, with a place of business located at An der Pont 48 Ratingen, Amtsgericht Dusseldorf, Germany HRB 51940, conducting business in the purchase and wholesale of seafood.

## FACTS

7. In or about the year 2009, Eastern and Farmers (collectively referred to as the "Parties") entered into a series of contracts for the purchase and sale of scallops.

8. Eastern timely shipped scallops pursuant to the contracts in containers holding approximately 30 U.S. pounds of scallops, which met or appeared to meet all of the contract requirements, and all such shipments were accepted and paid for by Farmers.

9. On information and belief, and as expressly represented by Farmers, the scallops were subsequently repackaged by a third party, apparently re-sold to a fourth party, and then re-sold afterwards to a fifth party, a retailer in Germany.

10. Eastern had no privity with any of the third, fourth or fifth parties referred to above, and had no duty, knowledge or obligation regarding the fate of the scallops after they were accepted by Farmers.

11. Farmers subsequently claimed that certain scallops, apparently one or two 300g bags labeled for retail sale by a company called "Feine Kost", and being sold by a German supermarket named "Penny Markt GmbH" ("Penny"), had been inspected, and had either been mislabeled or had failed to meet labeling or other standards regarding either species identification, water content, and / or "glazing" (how much ice was used in packaging).

12. When informed of Farmers' claims set forth above, and without waiving its rights to deny liability on any grounds, Eastern offered to accept the return of any product which Farmers claimed was either non-conforming to the contract or in any other way unacceptable to Farmers, thus offering, in effect, to meet Eastern's contractual and commercial standard legal obligations, as if Eastern's liability was established, even though it had not been, by providing a full refund for any product that was returned.

13. After lengthy negotiations regarding the return of product, it became apparent that Farmers was prepared to return approximately 1320 lbs of scallops, which Farmers claimed were originally delivered by Eastern.

14. The contract price for the scallops was $7.10 / lb, and accordingly, Eastern was prepared to refund Farmers $9,372.00 if the scallops had been returned.

15. Ultimately, no scallops were returned or delivered to Eastern.

16. Farmers claimed that most of the allegedly defective or non-conforming scallops had been destroyed, apparently by Penny.

17. In certain correspondence, it also appears that Farmers sought indemnification by Eastern of certain contract claims that had been made against Farmers by Penny.

18. Farmers, directly and through various counsel, made a series of demands and claims against Eastern, and on or about December 27, 2011, sent a demand letter pursuant to Massachusetts General Law Chapter 93A with a proposed draft complaint (attached hereto as Exhibit "A").

19. Eastern provided a detailed written response denying liability on several grounds, including the failure of Farmers to return the scallops pursuant to contractual and commercial standard legal obligations, the lack of privity or duty to third parties or Farmers' alleged liability to them, spoliation, acts of third parties, conformity, acceptance and other factual and legal defenses and theories (such response attached hereto as Exhibit "B").

20. Without waiving its claims or defenses, Eastern offered to pay the contract value of scallops that Farmers claimed it was prepared to return.

21. Despite Eastern clearly establishing that it is not liable to Farmers, Farmers has persisted in asserting its claims, and continues to threaten suit.

22. After waiting several weeks without resolution or suit being filed, Eastern brings this action for declaratory and injunctive relief in order to settle its rights and obligations with Farmers.

## COUNT I  Declaratory Relief

23. Eastern incorporates its allegations in paragraphs 1 through 22 as if expressly restated herein.

24. Eastern is not liable to Farmers for any of the claims that Farmers has alleged, and is entitled to a declaration that it is not liable to Farmers for such claims.

## COUNT II  Preliminary and Permanent Injunctive Relief

25. Eastern incorporates its allegations in paragraphs 1 through 24 as if expressly restated herein.

26. Eastern is not liable to Farmers for any of the claims that Farmers has alleged, and is entitled to preliminary and permanent injunctive relief barring Farmers from persisting in the making of such claims.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests judgment as follows:

A.  That this Court issue a preliminary injunction against Farmers, to be made permanent on the final disposition of this matter, barring Farmers from claiming or asserting claims against Eastern.

B.  That this Court issue a Declaratory Judgment declaring that Eastern has no liability to Farmers for any matter, including the claims made by Farmers against Eastern as set forth above and in Farmers' demand letter attached hereto.

C.  In the alternative, that this Court issue a Declaratory Judgment declaring that Eastern's liability is limited to the quantity or contract value of scallops that Farmers returned or delivered or was clearly prepared to or can still return or deliver to Eastern.

D.  That this Court adjudge, decree and declare the rights, obligations and legal relations between the Parties and the subject matter here in controversy, in order that such declaration shall have the force and effect of a final judgment.

E.  That this Court retain jurisdiction of this matter for the purposes of enforcing this Court's order(s).

F.  That this Court award Plaintiff reasonable costs and expenses of this action.

G.  That this Court grant such other and further relief as is equitable and just.

Dated: April 5, 2012

Respectfully Submitted,
Eastern Fisheries, Inc.
By its Attorneys,

James Hoyt, BBO#644651
Mickelson Barnet, P.C.
30 Cornell Street
New Bedford, MA 02740
(617)993-8800
jhoyt@mickelsonbarnet.com